UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMEON HALL,

    Plaintiff,

v.                                                        Case No. 09-11694
                                                              Hon. Lawrence P. Zatkoff

CHAD TOLSTEDT et al.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 5, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed his *pro se* complaint in state court alleging that Defendants, who number approximately fifty, have violated his civil rights. Plaintiff's complaint seeks damages in excess of five-hundred million dollars. Defendants Weipert, Vitale, Braunlich, LaBeau, and Lavoy timely removed the case to federal court based on federal-question jurisdiction. The Court construes the complaint as asserting claims arising under 42 U.S.C. § 1983 and § 1985.

Thereafter, Defendants Weipert, Vitale, Braunlich, LaBeau, and Lavoy filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 3]. Defendants Nicols, Simms, McCarthy, Marunick, and Todd also filed a motion to dismiss [dkt 5]. Finally, Defendants Maviglia and Lehmann filed a motion to dismiss [dkt 7]. Plaintiff has filed a largely unintelligible document titled a "Motion Not to Dismiss" [dkt 11] that the Court construes as responsive, albeit untimely so, to Defendants' motions.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendants' motions to dismiss are GRANTED.

## II.  BACKGROUND

Plaintiff was arrested on October 25, 2003, while at his sister's residence in Monroe, Michigan. Plaintiff was convicted of multiple state-law criminal violations on September 22, 2004, and was sentenced on November 1, 2004.

At some point in November 2004, Plaintiff became aware of an alleged error in his criminal history. Plaintiff maintains that a prior conviction under Mich. Comp. Laws § 750.479a for resisting arrest appeared as a violation of Mich. Comp. Laws § 750.479b for attempting to disarm a police officer. Plaintiff contends that the error appeared on his "Parole Guidelines Scoresheet", which Plaintiff believes is the reason that he was denied early parole in March 2007.

Plaintiff insists that he informed his sentencing judge, Defendant LaBeau, of the discrepancy, who allegedly assured Plaintiff that the error was that of the court. Plaintiff has attached an October 25, 2007, signed order from Defendant LaBeau instructing the Michigan Department of Corrections to correct the error. Plaintiff maintains that the error has not been rectified and that his record interferes with employment opportunities.

Plaintiff's complaint addresses three main grievances regarding the above events: (1) the validity of his arrest; (2) the validity of his conviction; and (3) the uncorrected criminal history error.

## III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court, however, will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV. ANALYSIS

Plaintiff's complaint alleges a series of constitutional and civil-rights violations beginning with an October 23, 2003, arrest, and continuing to his trial and subsequent denial of parole. As discussed below, Plaintiff's claims suffer from a variety of shortcomings.

### A. Statute of Limitations

Plaintiff's first series of allegations focus on the actions of various defendants regarding his October 23, 2003, arrest. Plaintiff maintains that the officers arrested him without a warrant and assaulted him during the encounter. Plaintiff also contends that his prosecution was marred by fraud and other procedural deficiencies.

In a § 1983 action, the applicable statute of limitations is determined by reference to the state's personal-injury statute-of-limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In Michigan, that limitations period is three years, *see* Mich. Comp. Laws § 600.5805(10); therefore, the statute of limitations for § 1983 and § 1985 claims filed in Michigan is three years. *See Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *2 (E.D. Mich. Feb. 11, 2009).

While state law governs the limitations period, the accrual date of a § 1983 action is a question of federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim for excessive force in effectuating an arrest "accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). A claim for false imprisonment or false arrest accrues "at the time of the arrest or, at the latest, when detention without legal process ends." *Id.*

Plaintiff filed his state-court complaint on April 16, 2009, well over three years after either his October 23, 2003, arrest, or his September 22, 2004, conviction. To the extent that the arrest claims apply to any of the served Defendants, Plaintiff's claims regarding his arrest are barred by

the statute of limitations.

**B. *Heck* Doctrine**

Plaintiff's claims regarding his conviction fare no better. Plaintiff's claims for monetary damages that would necessarily question the validity of his state-court conviction are further barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because he has not alleged that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Likewise, Plaintiff has not proven that his criminal proceeding terminated in his favor; therefore, his malicious-prosecution claim fails. *Id.* at 484.

**C. Parole Denial**

Plaintiff also alleges that various Defendants have included false information in his criminal record that resulted in a denial of parole. Plaintiff further contends that the mistake is impeding his current job search.

The State of Michigan employs a discretionary parole-hearing system. *See* Mich. Comp. Laws § 791.234(11). Therefore, the system does not create a federally-protected liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc). As no federally-protected interest in parole in Michigan exists, Plaintiff cannot state a cognizable due-process violation under § 1983, even if the board relied on inaccurate criminal-history information. *See Debs v. Caruso*, No. 05-DV-74209, 2007 WL 295210, at *2 (E.D. Mich. Jan. 29, 2007); *Swimp v. Rubitschun*, No. 1:06-CV-592, 2006 WL 3370876, at *9 (W.D. Mich. Nov. 20, 2006); *Wyngaard v. Rubitschun*, No. 5:05 CV 157, 2006 WL 2528453, at *1 (W.D. Mich. Aug. 1, 2006).

Furthermore, Plaintiff offers no authority or argument that any on-going error rises to the

5

level of a federal constitutional violation.  In addition, Judge LaBeau ordered that the error be corrected by the Michigan Department of Corrections.  Therefore, the Court finds that even if a federal controversy exists on this ground, which remains questionable, Plaintiff cannot maintain this claim against any of the served Defendants.

**D. Immunity**

The served Defendants consist of state-court judges (Defendants Braunlich, Vitale, LaBeau, LaVoy, and Todd); prosecutors (Defendants Weipert[1], Nichols, Simms, McCarthy, Marunick); a parole officer (Defendant Maviglia); and a probation officer (Defendant Lehmann).  Even if Plaintiff's claims had merit, all of the served Defendants are entitled to absolute immunity.  *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (absolute immunity for judicial officers); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (absolute immunity for prosecutors); *Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 476–77 (quasi-judicial immunity for parole and probation officers).

Plaintiff responds only that the above officials committed "fraud" and "treason" in his court proceedings.  Plaintiff also maintains that Defendants have committed perjury and included false information in his documents.  Not only do these allegations wholly fail to adequately plead fraud, *see* Fed. R. Civ. P. 9(b), more importantly, the allegations fail to suggest any Defendant acted outside his or her role in the judicial system.  Therefore, all of the served Defendants are entitled to immunity and Plaintiff's claims are properly dismissed on this basis.

---

[1]Defendant Weipert is currently a state-court judge, but Plaintiff's allegations refer to Defendant Weipert's prior role as a prosecuting attorney.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendants' motions to dismiss [dkts 3, 5, 7] are GRANTED, and that all claims against Defendants Weipert, Vitale, Braunlich, LaBeau, Lavoy, Nicols, Simms, McCarthy, Marunick, Todd, Maviglia, and Lehmann  are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 5, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290