# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STACEY SIMEON HALL,

    Plaintiff,

v.                                                                                         Case No. 09-11694
                                                                                        Hon. Lawrence P. Zatkoff

CHAD TOLSTEDT et al.,

    Defendants.
_____/

## ORDER

On February 5, 2010, the Court ordered Plaintiff, proceeding *pro se*, to show cause [dkt 12] as to why the Court should not dismiss this case for Plaintiff's failure to timely serve the remaining Defendants with the summons and complaint.

Plaintiff's submission, received via facsimile, is utterly unresponsive to the Court's show-cause order. The submission merely reiterates the claims alleged in Plaintiff's complaint, and it appears to assert additional allegations. It does not, however, offer any explanation of Plaintiff's failure to timely serve the remaining Defendants, nor does it provide any indication that Plaintiff intends to effectuate service on those Defendants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's claims against all unserved Defendants are DISMISSED due to Plaintiff's failure to timely effectuate service or show good cause why an extension is warranted. *See* Fed. R. Civ. P. 4(m).

Plaintiff has also filed a motion for protective order under Fed. R. Civ. P. 26(c), in which he requests that the Court enter an order protecting him from retaliation by Defendants. Considering that all Defendants have now been dismissed, IT IS FURTHER ORDERED that Plaintiff's motion for protective order [dkt 14] is DENIED as MOOT.

Finally, Defendants Nicols, Simms, McCarthy, and Marunick ("Defendants") have moved for Rule 11 sanctions against Plaintiff for filing his motion for protective order. Defendants cite both the frivolity of Plaintiff's initial pleadings and his request for a protective order after Defendants had been dismissed from the lawsuit.

The Court finds that sanctions are not appropriate in this matter. First, Plaintiff is proceeding *pro se* and is unschooled in the law. While Plaintiff's *pro se* status does not absolve him from sanctions, the Court cannot conclude that his lawsuit, while misguided, was filed in bad faith or was patently frivolous. Moreover, nowhere in their motion do Defendants indicate that they complied with Rule 11's "safe habor" provision before filing this motion, which requires that a party seeking Rule 11 sanctions inform the opposing party 21-days prior to filing a motion for Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b)(2); *see also Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("[W]e hold that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court[.]"). Therefore, IT IS FURTHER ORDERED that Defendants' motion for Rule 11 sanctions [dkt 15] is DENIED.

This order resolves all outstanding issues and closes the case.

IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: June 14, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 14, 2010.

                                    S/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290